THE NORBERTINE FATHERS OF DELAWARE, INC. AND the NORBERTINE FATHERS, INC., Defendants Below, Appellants,
v.
KENNETH J. WHITWELL, Plaintiff Below, Appellee.
No. 229, 2008, 242, 2008.
Supreme Court of Delaware
Submitted: May 19, 2008.
Decided: May 20, 2008.
Before STEELE, Chief Justice, HOLLAND and BERGER, Justices.

ORDER
RANDY J. HOLLAND, Justice.
This 20th day of May 2008, it appears to the Court that:
(1) Two defendants, The Norbertine Fathers of Delaware, Inc. and The Norbertine Fathers, Inc. ("Norbertine"), have petitioned this Court pursuant to Supreme Court Rule 42 ("Rule 42") to accept an appeal from an interlocutory order of the Superior Court dated April 16, 2008 ("the April 16 order").[1] The April 16 order denied Norbertine's motion to dismiss that argued the unconstitutionality of title 10, section 8145 of the Delaware Code.
(2) In its application for certification of an interlocutory appeal, Norbertine asserted that certification was appropriate because the April 16 order determined a substantial issue, established a legal right and involved a question of law of first impression. Norbertine also asserted that this Court's interlocutory review of the April 16 order would serve considerations of justice and judicial economy.
(3) Under Rule 42(c)(iii), the Superior Court was required to enter an order certifying or refusing to certify the interlocutory appeal. The Superior Court did not, however, enter such an order. Rather, on May 14, 2008, the Superior Court filed a Certification of Questions of Law pursuant to Supreme Court Rule 41 ("Rule 41").[2]
(4) Under Rule 41, Delaware courts may certify a question of law to this Court if the certifying court has not decided the question and there are important and urgent reasons for an immediate determination by this Court of the question certified. In this case, because the April 16 order decided the law of the case, i.e., it denied Norbertine's motion challenging the constitutionality of title 10, section 8145, the procedure for certifying a question of law under Rule 41 does not apply. Nonetheless because the Superior Court, in effect, certified that its April 16 order determined a substantial issue, established a legal right, and involved a question of law of first impression, the Court has deemed the inapplicable Certification of Questions of Law to be the Superior Court's certification of an interlocutory appeal under Rule 42(c)(iii).
(5) Applications for interlocutory review are addressed to the sound discretion of this Court. In the exercise of its discretion, the Court has concluded that the application for interlocutory review should not be accepted.
NOW, THEREFORE, IT IS HEREBY ORDERED that the inapplicable Certification of Questions of Law filed under Del. Supr., No. 242, 2008 is REFUSED, and the interlocutory appeal in Del. Supr., No. 229, 2008 is REFUSED. The "Motion to Strike Appellant's Non-Conforming Supplemental Notice of Appeal" is moot.
NOTES
[1] The April 16 order also denied motions to dismiss filed by defendants-Premonstratensian Fathers, Inc. and Archmere Academy, Inc; however, neither of those defendants has sought an interlocutory appeal.
[2] The Certification of Questions of Law initiated a new proceeding in this Court and was assigned No. 242, 2008.